IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIAM TONY McCROAN,

    Plaintiff,

vs.                                        Case No. 4:14cv40-RH/CAS

MARGUERITE J. MORGAN,
ADMINISTRATOR, FLORIDA STATE HOSPITAL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

After service of the pro se Plaintiff's civil rights complaint, doc. 1, Defendant Morgan filed a motion to dismiss, doc. 20, asserting that it fails to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff was provided an opportunity in which to file and serve a responsive memorandum, doc. 22, and Plaintiff has filed a document entitled, "motion in opposition to strike Defendant Marguerite J. Morgan's motion to dismiss Plaintiff's complaint." Doc. 23.

**Plaintiff's Complaint, doc. 1**

Plaintiff named Marguerite Morgan, Administrator of the Florida State Hospital, as the only Defendant. Doc. 1 at 1-2. Plaintiff alleged that Dr. Robert Whittier examined Plaintiff and made a recommendation that Plaintiff have surgery because of his breathing problems. *Id.* at 5. Plaintiff claims that Defendant Morgan "failed to

comply" with that recommendation and "has failed to get [Plaintiff] medically treated for" problems with his nose. *Id.* As relief, Plaintiff requests that treatment (surgery) be provided to him in compliance with the doctor's recommendation and, also, that he be awarded monetary damages. *Id.* at 7.

**Motion to Dismiss, doc. 20**

Defendant contends that complaint should be dismissed because there is no causal connection between Defendant Morgan and any constitutional violation. Doc. 20 at 2-3. Defendant argues that "Plaintiff's Complaint contains no allegation that Defendant Morgan personally participated in an active plan to deny Plaintiff medically necessary surgery, or any physician-ordered surgery, for that matter." *Id.* at 3. Moreover, Defendant states that Plaintiff has not alleged sufficient facts to show that "he actually had a serious medical need which required treatment . . . ." *Id.* at 4.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), citing Twombly, 550 U.S. at 556. "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant

has acted unlawfully." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 556. The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999. Finally, when considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff. Lopez v. Target Corp., 676 F.3d 1230, 1232 (11th Cir. 2012), *citing* Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

**Analysis**

"[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs--e.g., food, clothing, shelter, medical care, and reasonable safety--it transgresses the substantive limits on state action set by the Eighth Amendment. . . ." Helling v. McKinney, 509 U.S. 25, 31-32, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993), *quoting* DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200, 109 S. Ct. 998, 1005-1006, 103 L. Ed. 2d 249 (1989). Deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). A "'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002), *quoting* Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977).

The concept of deliberate indifference entails something more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994). Deliberate indifference has been described as a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm to a prisoner by depriving him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

Combining the standards from Farmer and Estelle, the Eleventh Circuit has clarified that, ultimately, there are four requirements to bringing an Eighth Amendment claim for the denial of medical care: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), *cert. denied* 531 U.S. 1077 (2001); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Put another way, once a prisoner shows that he has a serious medical need, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004), *citing* McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

Plaintiff's complaint is short and straight forward. Although the complaint is short on factual allegations, it alleges that Defendant Morgan "failed to comply" with the recommendation of a physician in 2012 for Plaintiff to have surgery. Doc. 1 at 5. Plaintiff explains in his response to the motion to dismiss that while a resident at the Florida States Hospital, on November 9, 2012, "Dr. Robert P. Whittier recommended Plaintiff to have nasal surgery." Doc. 23 at 2. Plaintiff states that he "has had problems breathing through his nose for a year." *Id.* Plaintiff asserts that Defendant Morgan was deliberately indifferent to his "medical needs, by failing to comply with Dr. Robert P. Whittier's recommendations, to have a septo-rhinoplastry to correct the nasal obstruction deformity." *Id.*

Defendant contends that Plaintiff has not alleged facts sufficient to show "he actually had a serious medical need which required treatment." Doc. 20 at 4. Plaintiff

does not present allegations which reveal the extent of his nasal problems, but he does allege facts showing a medical condition which has lasted for a significant period of time, and a recommendation by a medical professional for surgery.  Because a "'serious' medical need is one that has been diagnosed by a physician as mandating treatment," see Hill, 40 F.3d at 1187, Plaintiff's allegation is sufficient at this stage of litigation to state a claim.

Defendant also argues that Plaintiff has not set forth facts which "demonstrate that Defendant Morgan was subjectively aware of a purported serious risk to Plaintiff's health and yet disregarded that risk."  Doc. 20 at 4.  Plaintiff's facts suggest that a medical professional made a recommendation which Defendant Morgan, as the Administrator, rejected.  It is unknown whether or not Defendant Morgan is a medical doctor, and it is unknown whether the surgery recommendation was denied as medically unnecessary or for some other reason.  However, viewed in the light most favorable to Plaintiff, those facts present a plausible claim if Plaintiff is able to support his factual allegations by demonstrating, for example, that the denial was due to a budgetary concern as opposed to a medical reason.  See Gates v. Collier, 501 F.2d 1291 (5th Cir. 1974); Ancata, 769 F.2d at 705 (11th Cir. 1985); Howell v. Burden, 12 F.3d 190, 191 (11th Cir. 1994) (finding that if Burden "allow[ed] the 'budgeting process' to determine whether Howell would receive necessary treatment," he "could be found to be deliberately indifferent under the prohibition of delays in obtaining treatment set out in Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).").  The complaint points to Defendant Morgan as the reason surgery was denied, although recommended by Plaintiff's treating physician.  Plaintiff should be permitted to proceed

with this claim and use discovery to determine, if it is not known, why the recommended surgery was not approved by Defendant Morgan. On a motion to dismiss, considering that Plaintiff is proceeding pro se, the motion to dismiss, doc. 20, should be **Denied**.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 20, be **DENIED**, that Defendant be directed to file an Answer to Plaintiff's complaint, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 22, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**