IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIAM TONY McCROAN,

    Plaintiff,

vs.                                      Case No. 4:14cv40-RH/CAS

MARGUERITE J. MORGAN,
ADMINISTRATOR, FLORIDA STATE HOSPITAL,

    Defendant.

_____/


## REPORT AND RECOMMENDATION

Plaintiff initiated this case while confined[1] in the Florida State Hospital. Doc. 1. This case concerns Plaintiff's claim that Dr. Robert Whittier recommended Plaintiff have an unspecified type of nasal surgery, but Marguerite Morgan, the Hospital Administrator, did not provide the recommended medical treatment. *Id.* at 5, 7.

On February 6, 2015, Defendant Morgan[2] filed a motion for summary judgment. Doc. 35. Defendant Morgan provided a statement of undisputed facts, *id.* at 2, evidence in support of the motion, exhibits A-D, and asserted that Defendant did not violate Plaintiff's Eighth Amendment rights to medical care. *Id.* at 3. Defendant also raised Eleventh Amendment immunity and qualified immunity. *Id.* at 7.

---

[1] Plaintiff was not deemed a "prisoner" under 28 U.S.C. § 1915(h). *See* doc. 9.

[2] Defendant Morgan is sued in her individual capacity only. Docs. 12, 15.

The pro se Plaintiff was advised of his obligation to respond to the motion for summary judgment under Rule 56 and Local Rule 56.1. Doc. 36. Plaintiff filed his opposition to summary judgment, doc. 40, supported by several exhibits, doc. 40-1. Defendant Morgan was given leave to file a reply limited to the issue of respondeat superior and, in fairness, Plaintiff was permitted to file a sur-reply. Docs. 41-42. Those documents, docs. 43-44, have also been considered. The motion for summary judgment is ready for ruling.

## I. Legal standards governing a motion for summary judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Thus, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must then show[3] the

---

[3] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998) (quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553) (quoting Fed. R. Civ. P. 56(c),

court "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S. Ct. at 2554. According, Plaintiff as the non-moving party must come forward with evidentiary material demonstrating a genuine issue of material fact for trial. *Id.*

An issue of fact is "material" if it could affect the outcome of the case. <u>Hickson Corp. v. Northern Crossarm Co., Inc.</u>, 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). A party must show more than the existence of a "metaphysical doubt" regarding the material facts, <u>Matsushita Elec. Indus. Co., LTD. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Hickson Corp.</u>, 357 F.3d at 1260 (quoting <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986)). All reasonable inferences must be resolved in the light most favorable to the nonmoving party, <u>Watkins v. Ford Motor Co.</u>, 190 F.3d 1213, 1216 (11th Cir. 1999), if there is a genuine dispute as to those facts. <u>Scott v. Harris</u>, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (cited in <u>Ricci v. DeStefano</u>, 129 S.Ct. 2658, 2677 (2009)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." <u>Matsushita Elec. Indus.</u>

---

(e))). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). <u>Owen</u>, 117 F.3d at 1236; <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553.

Co., 475 U.S. at 587 (internal quotation marks omitted) (quoted in Ricci v. DeStefano, 129 S.Ct. at 2677).

## II. Statements of Fact

Local Rule 56.1(A) provides that a motion for summary judgment "shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit such a statement constitutes grounds for denial of the motion."  N.D. Fla. N.D. Fla. Loc. R. R. 56.1(A).  Both Plaintiff and Defendant submitted a statement of undisputed facts.  Doc. 35 at 2; doc. 40 at 11-14.  However, Rule 56.1(A) also requires that the "statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source."  N.D. Fla. N.D. Fla. Loc. R. R. 56.1(A).  Defendant's statement does not reference any supporting exhibits and makes just two assertions.  Doc. 35 at 2.  Defendant first asserts that on November 9, 2012, "Dr. Whittier recommended that Plaintiff have nasal surgery."  Id.  Second, Defendant advises that after this case was filed, "the record reflects that Plaintiff received nasal surgery on October 20, 2014, rendering Plaintiff's claims for injunctive relief moot."  Id. (citing doc. 30 at 1).[4]  That statement, which does not cite to the record for support, fails to explain the approximately two year delay in Plaintiff's surgery.  More importantly, Defendant's statement provides no clarification of the actions or involvement of Defendant Morgan.

---

[4] Document 30 is a notice of unavailability Plaintiff filed which advised that he would be having surgery on October 20, 2014, to correct "the physical defects of his nose."  Doc. 30 at 1.  This case was filed on October 28, 2013.  Docs. 1-2.

Case No. 4:14cv40-RH/CAS

The pro se Plaintiff submitted four pages of purported "undisputed" facts. Doc. 40 at 11-14. None of those facts are supported by citations to the record.[5]

Thus, neither party supported their statements of fact with citations to the record. In spite of those deficiencies, it is not recommended that the summary judgment be denied for failure to comply with Rule 56.1. Instead, the parties' exhibits have been reviewed. At least as it concerns Defendant Morgan, exhibits are referenced within the body of the motion. Plaintiff's thirty pages of exhibits are not referenced and unexplained, but they have been reviewed and considered. The relevant evidence as submitted by the parties in their exhibits is set forth below.

### III.  The relevant Rule 56(e) evidence

Defendant Morgan is the Administrator of the Florida State Hospital. Doc. 35, Ex. A at 1 (hereinafter "Morgan affidavit," doc. 35-1 at 1). She is not a physician, and her duties "do not include approving or denying recommended surgeries . . . ." *Id.* at 1-2. Defendant Morgan explains that Dr. Robert P. Whittier was an "outside" ear, nose, and throat specialist. *Id.* Dr. Whittier evaluated[6] Plaintiff on November 2, 2012, noting Plaintiff reported "a history of trauma to his nose that left him with an external nasal deformity, deviated septum and obstruction to the left side of the nose." Doc. 40-1 at 9. Dr. Whittier concluded that Plaintiff had "an external nasal deformity with septal

---

[5] Plaintiff's statements are also deficient because they are conclusory assertions. Plaintiff makes such assertions as: "It is undisputed that Defendant Morgan, Administrator, knew and had knowledge that her subordinate[s] . . . did not have the proper specialties & qualifications such as ear, nose, and throat physician." Doc. 40 at 11, ¶ 3. Plaintiff also asserted: "It is undisputed Plaintiff had a serious medical need." *Id.* at ¶ 4. Those legal assertions are not statements of fact.

[6] The ENT referral request was given a "routine" priority as opposed to emergency or urgent. Doc. 40-1 at 16.

deviation to the right and nasal deflection to the left."  *Id.*  Dr. Whittier concluded: Plaintiff "really needs to have a septo-rhinoplasty to correct the nasal obstruction."  *Id.*

Plaintiff submitted a copy of the 2012 Consultation Referral/Report showing the "ENT recommended septo-rhinoplasty.  Doc. 46-1 at 16.  The document indicates that the "ENT consult" was requested in October of 2012.  *Id.*  The "reason for referral" reveals Plaintiff presented "with deviated nasal septum and obstruction of [left] side of nose."  *Id.*  There is another notation that Plaintiff had a history of a prior "nose surgery in 2001."  *Id.*

The Report also contains a section which, presumably, is completed by the "Health Care Medical Service Director."  Doc. 40-1 at 16.  The form contains two boxes to be checked: approved or disapproved.  *Id.*  The "Approved" box was checked and dated December 5, 2012.[7]  *Id.*  Another notation under the category "Consultation Report" shows that on December 18, 2012, a "Form 319" was forwarded for completion.  *Id.*  The next notation is dated January 10, 2013, stating: "Received completed Form 319, please refer to section IV & V in regard to <u>disapproval of procedure</u>."  *Id.*

Defendant Morgan states in her affidavit that "the Medical Service Director, Dr. Nguyen, recommended that the surgery be disapproved, and the Hospital Clinical Director, Dr. Baluga, agreed and disapproved the surgery.  Morgan affidavit (doc. 35-1 at 2).  Defendant Morgan points to Defendant's Ex. B as support for that assertion.  Reliance on that exhibit, however, is problematic because it is nearly illegible.  Doc. 35,

---

[7] The signature of the person making the approval is not clear.  The stamp above the signature is for Boris Phung, M.D., and the stamp below the signature is for Nikorn Arunakul, M.D.  Doc. 40-1 at 16.  Plaintiff states in his affidavit that both Dr. Nikorn Arunakul, an outside physician, and Dr. Patel, disapproved the procedure.  Doc. 40-1 at 4.

Ex. B (doc. 35-1 at 4). No signature or medical stamp for a physician is clearly legible, but it is clear that Defendant Morgan did not sign the form or disapprove the surgery. Page two of the form indicates the basis for disapproval: this was a "case of elective surgery." Defendant's Ex. B at 2 (doc. 35-1 at 5). "Section IV" of the comment section contains the notation that Br. Baluga had discussed the issue with Dr. Phung, the "attending physician," who stated that Plaintiff "has no difficulty breathing and had only [a] problem [with] nasal drainage." *Id.* That form demonstrates that Plaintiff's surgery was denied in January 2013 by Dr. Josefina Baluga, the Hospital Clinical Director. *Id.*

Plaintiff submitted a medical report from Dr. Charles C. Greene dated September 24, 2014. Doc. 40-1 at 21. The report indicates Plaintiff was seen "for a follow up visit for sinusitis." *Id.* The sinusitis was "gradual" and had "been occurring in a recurrent pattern for months." *Id.* The reported noted a gradual worsening, and a June 25, 2014, CT sinus scan "revealed mucus retention cyst or polyps at both maxillary sinuses consistent with chronic sinusitis, the paranasal sinuses and osteomeatal complexes [were] normal." *Id.* at 21-22. The Report stated: "If nasal obstruction fails to improve with dual nasal sprays than [sic] the patient is a candidate for SEPTOPLASTY ND BILATERAL REDUCTION OF INTERIOR TURBINATES WITH COBLATION TECHNIQUE." *Id.* at 22.

Surgery was performed at Baptist Medical Center in Jacksonville, Florida on October 20, 2014. Doc. 40-1 at 25. The "otolaryngology operative/procedure report" listed the operative indications as:

> This is a 35-year-old male with a long history of nasal obstruction, refractory to medical management with nasal steroid spray. The decision was made to take him to the operating room for surgical management of

> his nasal airway obstruction and management of his chronic sinus
> disease.

*Id.* The pre-operative diagnosis listed "chronic sinusitis, nasal obstruction, and deviated septum." *Id.* Dr. Greene performed a septoplasty, bilateral maxillary sinus antrostomy, and bilateral reduction of inferior turbinates with coblation technique. *Id.*

## IV. Analysis

"[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs--e.g., food, clothing, shelter, medical care, and reasonable safety--it transgresses the substantive limits on state action set by the" Constitution. Helling v. McKinney, 509 U.S. 25, 31-32, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993) (quoting DeShaney v. Winnebago Cnty. Dep't of Soc. Serv., 489 U.S. 189, 199-200, 109 S. Ct. 998, 1005-1006, 103 L. Ed. 2d 249 (1989)). Plaintiff's complaint is construed as presenting a Fourteenth Amendment claim for the denial of medical care.[8] Although Defendant addresses this claim as an Eighth Amendment claim, it is analyzed under the Fourteenth Amendment because it did not appear that Plaintiff was a convicted prisoner[9] at the time of the events in question. "Regardless, the minimum standard under the Due Process Clause for pretrial detainees' basic

---

[8] Plaintiff asserted this as a state law claim. Doc. 1 at 7. However, the label Plaintiff attached is not determinative because the facts asserted reveal a constitutional claim.

[9] "Claims involving the mistreatment of arrestees in custody 'are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.' " Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996) (quoted in Carter v. DeKalb Cnty., 521 F. App'x 725, 729 (11th Cir. 2013)).

necessities—including food, living space, and medical care—is the same as that allowed by the Eighth Amendment for convicted persons." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1574 (11th Cir. 1985) (quoted in Carter, 521 F. App'x at 729). To survive summary judgment, Plaintiff must show that Defendant Morgan "acted with deliberate indifference to [his] serious medical needs" and in doing so, he "must satisfy both an objective and a subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoted in Hernandez v. Sec'y Florida Dep't of Corr., No. 14-12165, 2015 WL 2388302, at *1, — F. App'x. — (11th Cir. May 20, 2015)). With respect to the subjective component, negligence, or a lack of due care under the circumstances, is insufficient to show a violation of the constitution. Davidson v. Cannon, 474 U.S. 344, 347, 106 S. Ct. 668, 671, 88 L. Ed. 2d 77 (1986). Proof of deliberate indifference is required. "Deliberate indifference" is a culpable state of mind of the Defendant to unnecessarily and wantonly inflict pain or harm to a prisoner. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

Here, it is accepted for present purposes that Plaintiff had a serious medical need. Defendant Morgan argues to the contrary, *see* doc. 35 at 6, but it is uncontested that several physicians recommended that Plaintiff have nasal surgery. Although the surgery was deemed to be elective, it appears that medications did not alleviate Plaintiff's issues and surgery was eventually required.

Nevertheless, this case amounts to differences in medical judgment, and a difference of opinion with Plaintiff's desired course of treatment. The fact that Plaintiff eventually had the surgery in 2014 does not mandate the finding that the denial of the surgery in 2012 was deliberate indifference. Even outside the confines of prison or

other forms of detention, it is routine to attempt resolution of a medical need through conservative treatment before turning to surgery and it attendant risks and costs.

The primary deficiency with Plaintiff's claim in this case, however, is that Plaintiff has not demonstrated that Defendant Morgan was deliberately indifferent to that medical need.  Beyond Plaintiff's own affidavit, there are no facts showing that Defendant Morgan had any involvement in the decision to not provide the surgery for Plaintiff when initially recommended by Dr. Whittier in 2012.  Defendant Morgan is the hospital administrator, she is not a physician.  She does not have authority to approve or deny recommended surgeries.  The physicians with authority to approve the surgical recommendation denied it, Dr. Baluga and Dr. Nguyen.  There is no evidence that the denial for surgery was based on input from Defendant Morgan.  That lack of evidence is fatal to Plaintiff's claim.  Summary judgment should be granted in favor of Defendant Morgan.

As an additional note, the parties filed a reply and sur-reply.  Docs. 43-44.  Plaintiff argued in his opposition to summary judgment that Defendant Morgan was "[t]he Administrator with top authority for running the facility . . . ."  Doc. 40 at 4.  Plaintiff argued, incorrectly, that "[t]he Eleventh Circuit has held that supervisors can be held liable for subordinate's constitutional violations on the basis of supervisory liability under 42 U.S.C. § 1983."  Doc. 40 at 7 (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)).  What the Court reiterated in Cottone was that it was "well established in this Circuit that supervisory officials are *not* liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Cottone, 326 F.3d at 1360 (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir.

Case No. 4:14cv40-RH/CAS

1999) (other citations omitted) (emphasis added).  That principle of law remains true. *See* Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010) (cited in Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *3, — F. App'x —  (11th Cir. July 16, 2015)).  Defendant Morgan is not liable to Plaintiff for the decisions made by other subordinate staff to deny Plaintiff elective surgery in 2012.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Morgan's motion for summary judgment, doc. 35, be **GRANTED** on all claims and judgment entered in her favor.

**IN CHAMBERS** at Tallahassee, Florida, on August 17, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**